UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN NEYMEYER,

          Plaintiff,

v.                                         Case No. 24-CV-14

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

          Defendant.

## DECISION AND ORDER

**1. Introduction**

Alleging he has been disabled since April 26, 2018 (Tr. 214), plaintiff Steven Neymeyer seeks supplemental security income. After his application was denied initially (Tr. 149-64) and upon reconsideration (Tr. 165-81), a hearing was held before Administrative Law Judge (ALJ) William Shenkenberg on May 23, 2023 (Tr. 14-49). On November 1, 2023, the ALJ issued a written decision concluding that Neymeyer was not disabled. (Tr. 211-25.) After the Appeals Council denied Neymeyer's request for review on November 21, 2023 (Tr. 1-3) Neymeyer filed this action. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 2, 3), and the matter is ready for resolution.

## 2. ALJ's Decision

In determining whether a person is disabled an ALJ applies a five-step sequential evaluation process. 20 C.F.R. § 416.920(a)(4). At step one the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). The ALJ found that Neymeyer "has not engaged in substantial gainful activity since April 26, 2018, the application date." (Tr. 216.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. § 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.922(a). The ALJ concluded that Neymeyer has the following severe impairments: "depressive disorder, bipolar disorder, anxiety disorder, and posttraumatic stress disorder." (Tr. 216.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 416.920(a)(4)(iii), 416.925. If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. §416.909, the claimant is disabled. 20 C.F.R. § 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set

forth in a listing, the analysis proceeds to the next step. 20 C.F.R. § 416.920(e). The ALJ found that Neymeyer's impairments did not meet of medically equal a listing impairment. (Tr. 217.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite his impairments. 20 C.F.R. § 416.945(a). In making the RFC finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Neymeyer has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to understand, remember and carry out simple instructions, and perform simple routine tasks, in a position having only occasional changes. He is able to maintain concentration, persistence and pace for simple tasks in two-hour increments, over the course of a normal workday and work week. He can have occasional interaction with the public, coworkers, and supervisors.

(Tr. 218.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of his past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960. The ALJ concluded that Neymeyer has no past relevant work. (Tr. 224.)

3

Case 1:24-cv-00014-WED    Filed 08/13/24    Page 3 of 6    Document 17

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). At this step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 224.) Representative jobs include scrap sorter (DOT number 929.687-022), trimmer (DOT number 669.687-018), and laundry worker (DOT number 361.684-014).

3. **Standard of Review**

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'"

*L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

4. **Analysis**

Neymeyer argues that the ALJ erred because,

> [w]ithout any explanation, the ALJ excluded from the RFC work preclusive limitations assessed by the persuasive opinions of Dr. Susan Donahoo, Dr. Robert Barthell, and Dr. Scott Trippe. All three doctors opined that the Plaintiff had moderate limitations in the domain of adapting and managing himself, specifically as it related to his ability to meet basic standards of neatness and cleanliness. (Id., Tr. 223, 161, 179, 582).

(ECF No. 9 at 12.)

Trippe, who conducted a psychological examination of Neymeyer, found that he had a "moderate to severe impairment" in his "[a]bility to adapt and manage himself in the work setting." (Tr. 582.) State-agency psychologists Donahoo and Barthell similarly found that Meymeyer is "[m]oderately limited" in his "ability to respond appropriately to changes in the work setting." (Tr. 161, 179.) But as to the specific matter of meeting basic standards of neatness and cleanliness, Trippe did not address the issue (Tr. 579-82), and Donahoo and Barthell both found that Neymeyer was "[n]ot significantly limited" (Tr. 161, 178).

Thus, the premise for Neymeyer's argument—that three experts all found that he had moderate limitations in his ability to meet basic standards of neatness and cleanliness—is not supported by the record. Indeed, two experts expressly found that was *not* significantly limited in this domain.

5

Case 1:24-cv-00014-WED    Filed 08/13/24    Page 5 of 6    Document 17

However, there is some evidence that Neymeyer sometimes exhibited an unkempt and disheveled appearance when he appeared for medical appointments. (Tr. 487-88 ("Veteran presents appearing somewhat disheveled and rather hyperverbal."; 692 ("Generally clean but casually dressed, disheveled, unkempt (hair long and in disarray).")). And during five video counseling sessions in 2022, the provider described him as "[g]rooming disheveled with casual dress." (Tr. 848, 842, 836, 830, 828.)

The ALJ acknowledged and discussed this evidence (Tr. 218, 220, 221-22, 223-24) and concluded that it did not support any further limitations than those reflected in the RFC. This conclusion was supported by substantial evidence, and Neymeyer has failed to show that the ALJ committed any error of law.

5. **Conclusion**

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **affirmed**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of August, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge